UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANTHONY I. PROVITOLA,**

      **Plaintiff,**

v.                                              Case No: 6:20-cv-862-PGB-DCI

**DENNIS L. COMER and FRANK A. FORD, JR.,**

      **Defendants.**
_____/

**ORDER**

This cause comes before the Court on Defendants' Motion for Entitlement to Attorney's Fees (Doc. 36 (the "**Motion**")) and Plaintiff's response thereto (Doc. 46). Upon consideration, the Motion is due to be granted.

**I.      BACKGROUND**

The facts of this case have been recounted elsewhere (Doc. 33, pp. 1–4, 12), but the Court will provide a brief overview of the relevant procedural history. After two unsuccessful state court actions, including two state court appeals (both resulting in per curiam affirmances), and a failed attempt at obtaining review by the Florida Supreme Court—which resulted in sanctions being imposed against him—Plaintiff filed a six-count Complaint against Defendants in this Court asserting claims under 42 U.S.C. § 1983 and 28 U.S.C. § 1367. (*See* Doc. 1). This Court dismissed the original Complaint without prejudice as a shotgun pleading, providing Plaintiff an opportunity to amend. (Doc. 24).

On September 6, 2020, Plaintiff filed a First Amended Complaint (Doc. 25 (the "**Amended Complaint**")). Therein, Plaintiff asserted claims for relief due to Defendants' "continuing deprivation, under color of authority of statute, policy, custom, practice or usage, of the rights and privileges secured to the Plaintiff by the Fourteenth Amendment to the United States Constitution and the Constitution and laws of the State of Florida that occurred during a civil action by the Plaintiff in the Courts of Florida" and also sought "declaratory judgment under 28 U.S.C. § 2201." (*Id.* ¶ 1). On March 4, 2021, the Court issued an Order dismissing the Amended Complaint with prejudice, noting that it was "objectively frivolous." (Doc. 33 (the "**Order**")). In its Order, the Court *sua sponte* directed Plaintiff to show cause as to why Rule 11 sanctions should not be imposed against him. (*Id.* at p. 13).

On March 18, 2021, Defendants filed the instant Motion requesting attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927. (Doc. 36). After Plaintiff's response to Defendants' Motion (Doc. 46), and the Eleventh Circuit's affirmance of the Court's substantive findings dismissing the case (Docs. 50, 51, 62), the Motion is now ripe for review.[1]

---

[1] The Eleventh Circuit affirmed the Court's dismissal of the case under the *Rooker-Feldman* doctrine. (Doc. 50). However, the Eleventh Circuit remanded after instructing the Court that it should dismiss the case without prejudice rather than with prejudice because "[a] dismissal for lack of subject matter jurisdiction must . . . be entered without prejudice because it is not a judgment on the merits." (Doc. 50, p. 6 (citing *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008))).

## II.   DISCUSSION

The Court addresses whether Plaintiff is subject to sanctions under 42 U.S.C. § 1988 and 28 U.S.C. § 1927 in turn.

### A.   42 U.S.C. § 1988

Section 1988(b) provides:

> In any action or proceeding to enforce a provision of section[] . . . 1983 . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988(b). "[A] defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party'" for fee purposes because "defendant has . . . fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision." *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 431 (2016). A prevailing defendant in a civil rights case may be awarded attorney's fees pursuant to 42 U.S.C. § 1988 if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith, or . . . [if] the plaintiff continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quoting *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978)); *see also Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1297 (11th Cir. 2021) (internal citations omitted). "The fact that a plaintiff may ultimately lose his case is not in

3

itself a sufficient justification for the assessment of fees" under § 1988. *Hughes*, 449 U.S. at 14.

To determine whether an action is "frivolous" for purposes of § 1988, the court focuses on "whether the case is so lacking in arguable merit as to be groundless or without foundation[,] rather than [on] whether the claim was ultimately successful." *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (quoting *Jones v. Tex. Tech. Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)). "Factors considered important in determining whether a claim is frivolous include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Id.* These factors "are general guidelines only, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." *Id.*

As the prevailing party, Defendants are entitled to an award of attorney's fees under 42 U.S.C. § 1988 because Plaintiff's case was groundless without arguable merit at the time of filing. *See Sullivan*, 773 F.2d at 1189. Nonetheless, Plaintiff argues that Defendants are not entitled to an award of attorney's fees because the Court dismissed Plaintiff's claims for lack of jurisdiction, and thus, the Court also lacks jurisdiction to make an award to Defendants. (Doc. 46). However, because "a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party,'" the Court may still award Defendants attorney's fees for

4

rebuffing Plaintiff's claims, even if not on the merits. *See CRST Van Expedited*, 578 U.S. at 431.

More importantly, the totality of the circumstances supports a finding that Plaintiff's Amended Complaint was frivolous. First, Plaintiff did not plead a prima facie case. He failed to bring claims over which the Court could exercise subject matter jurisdiction under the *Rooker-Feldman* doctrine, and he also failed to allege the necessary elements for his § 1983 claims. (Doc. 33, pp. 7–8). After losing on his various appeals, Plaintiff's recourse was to appeal his state court losses to the United States Supreme Court, not to seek a reset by refashioning his claims and filing them in this Court. Second, there is no evidence Plaintiff engaged in good faith settlement discussions with Defendants. Third, at the motion to dismiss stage, the Court dismissed the case due to a multitude of facial deficiencies. (*See generally id.*). In sum, the Court finds that the *Sullivan* factors weigh in favor of a finding that Plaintiff's case was groundless when filed. *See Sullivan,* 773 F.2d at 1189 (internal citations omitted). Consequently, as the prevailing parties, Defendants are entitled to an award of attorney's fees under 42. U.S.C. § 1988.

### B.  28 U.S.C. § 1927

Section 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Because § 1927 is penal in nature, it

5

must be strictly construed. *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997).

The statute establishes three requirements before a court may impose sanctions: (1) the attorney "must engage in unreasonable and vexatious conduct," (2) the attorney's conduct must have multiplied the proceedings, and (3) the amount of the sanction to be imposed must not "exceed the costs occasioned by the objectionable conduct." *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010).

Regarding the first requirement, an attorney acts "unreasonably and vexatiously" when his conduct "is so egregious that it is 'tantamount to bad faith.'" *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2006). The test for determining bad faith conduct is ultimately an objective one; a court must look to how an objectively reasonable attorney would have acted under the same circumstances. *Id.* at 1240–41. Nevertheless, "the attorney's subjective state of mind is frequently an important piece of the calculus, because a given act is more likely to fall outside the bounds of acceptable conduct . . . if it is done with a malicious purpose or intent." *Id.* at 1241. It is well-settled that "[s]omething more than a lack of merit or negligent conduct" is required to find that an attorney acted in bad faith. *Alford v. Consol. Gov't of Columbus, Ga.*, 438 F. App'x 837, 841 (11th Cir. 2011) (per curiam), *cert. denied*, 132 S. Ct. 1146 (2012).[2] Rather, an attorney

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

acts in bad faith when he "knowingly or recklessly pursues a frivolous claim." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). To that end, a claim is objectively frivolous when there is no "plausible legal or factual basis" to support it. *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226–27 (5th Cir. 1984).

As an initial matter, "the language of § 1927 makes clear that it only applies to unnecessary filings after the lawsuit has begun." *Macort v. Prem, Inc.*, 208 F. App'x 781, 786 (11th Cir. 2006) (citing *Matter of Yagman*, 796 F.2d 1165, 1187 (9th Cir. 1986) ("Section 1927 does not apply to initial pleadings, since it addresses only the multiplication of proceedings. It is only possible to multiply or prolong proceedings after the complaint is filed."), *amended*, 803 F.2d 1085 (9th Cir. 1986)). Therefore, "[t]he filing of a complaint may be sanctioned pursuant to Rule 11[,] or a court's inherent power, but it may not be sanctioned pursuant to § 1927." *Id.* (quoting *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996)); *see also Velez v. Levy World Ltd. P'ship.*, No. 6:03-cv-878, 2007 WL 842768, at *4 (M.D. Fla. Mar. 20, 2007) ("The language of § 1927 makes clear that it only applies to unnecessary filings after the lawsuit has begun and does not apply to initial pleadings."); *Mid-Continent Cas. Co. v. Am. Pride Bldg. Co., LLC*, No. 2:07-cv-258, 2011 WL 4837270, at *3 (M.D. Fla. May 3, 2011) (holding same), *report and recommendations adopted*, 2011 WL 4836218 (M.D. Fla. Oct. 12, 2011).

Here, Defendants' Motion is predicated on Plaintiff's initial pleading— the frivolous Amended Complaint—and the Court cannot consider the voluminous

7

prior litigation history of this case in state court. However, shortly after Plaintiff filed the Amended Complaint, the Court granted Defendants' motion to dismiss with prejudice, the Eleventh Circuit affirmed in substance, and yet Plaintiff persisted in fruitlessly pursuing the case. (Docs. 33, 50). Upon remand—without leave of the Court, in violation of both Federal Rule of Civil Procedure 15(a)(2) and the Court's Case Management Scheduling Order—the Plaintiff unilaterally attempted to amend its complaint. (Docs. 22, 52). Accordingly, Defendants can demonstrate that "the proceedings were multiplied" even though the case only made it to "the early stage of litigation." *Allyn v. Am. Bd. of Med. Specialties, Inc.*, No. 5:18-cv-355, 2019 WL 297459, at *7 (M.D. Fla. Jan. 3, 2019), *report and recommendation adopted*, 2019 WL 293277 (M.D. Fla. Jan. 23, 2019). As such, an award of attorney's fees and costs pursuant to 28 U.S.C. § 1927 is warranted.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Entitlement to Attorney's Fees (Doc. 36) is **GRANTED**; and

2. The parties are **DIRECTED** to meet and confer regarding the award of fees.[3] If an agreement over the amount of the award is not reached, then Defendants are **DIRECTED** to file a supplemental motion on the amount of the award within forty-five (45) days of this Order in accordance with Local Rule 7.01(c).

---

[3] The parties may meet and confer in person, telephonically, or virtually.

**DONE AND ORDERED** in Orlando, Florida on May 9, 2024.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties