**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ANTHONY I. PROVITOLA,**

      **Plaintiff,**

v.                                              **Case No: 6:20-cv-862-PGB-DCI**

**DENNIS L. COMER and FRANK
A. FORD, JR.,**

      **Defendants.**

_____/

## ORDER

This cause comes before the Court upon Defendants Dennis L. Comer and Frank A. Ford, Jr.'s ("**Defendants**") Supplemental Motion for Attorneys' Fees on Amount (Doc. 68 (the "**Motion**")). Plaintiff Anthony I. Provitola ("**Plaintiff**") filed a response in opposition (Doc. 70 (the "**Response**")). Upon consideration, the Motion is due to be granted in part and denied in part.

**I.    BACKGROUND**

The facts of this case have been recounted elsewhere (Doc. 33, pp. 1–4, 12), but the Court will provide a brief overview of the relevant procedural history. After two unsuccessful state court actions, including two state court appeals (both resulting in per curiam affirmances), and a failed attempt at obtaining review by the Florida Supreme Court—which resulted in sanctions being imposed against him—Plaintiff filed a six-count Complaint against Defendants in this Court asserting claims under 42 U.S.C. § 1983 and 28 U.S.C. § 1367. (*See* Doc. 1 (the

"**Complaint**")). This Court dismissed the original Complaint without prejudice as a shotgun pleading and provided Plaintiff an opportunity to amend. (Doc. 24).

On September 6, 2020, Plaintiff filed a First Amended Complaint (Doc. 25 (the "**Amended Complaint**")). Therein, Plaintiff asserted claims for relief due to Defendants' "continuing deprivation, under color of authority of statute, policy, custom, practice or usage, of the rights and privileges secured to the Plaintiff by the Fourteenth Amendment to the United States Constitution and the Constitution and laws of the State of Florida that occurred during a civil action by the Plaintiff in the Courts of Florida." (*Id.* ¶ 1). Plaintiff also sought "declaratory judgment under 28 U.S.C. § 2201." (*Id.*). On March 4, 2021, the Court issued an Order dismissing the Amended Complaint with prejudice, noting that it was "objectively frivolous." (Doc. 33 (the "**Order**")). In its Order, the Court *sua sponte* directed Plaintiff to show cause as to why Rule 11 sanctions should not be imposed against him. (*Id.* at p. 13).

On March 18, 2021, Defendants filed a Motion for Entitlement to Attorney's Fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927 (Doc. 36 (the "**Entitlement Motion**")). After Plaintiff's response to Defendants' Entitlement Motion (Doc. 46), and the Eleventh Circuit's affirmance of the Court's substantive findings dismissing the case (Docs. 50, 51, 62), the Entitlement Motion became ripe for review.[1] The Court thereafter issued an Order granting Defendants'

---

[1] The Eleventh Circuit affirmed the Court's dismissal of the case under the *Rooker-Feldman* doctrine. (Doc. 50). However, the Eleventh Circuit remanded after instructing the Court that it should dismiss the case without prejudice rather than with prejudice because "[a] dismissal

2

Entitlement Motion. (Doc. 63 (the "**Entitlement Order**")). Then, pursuant to Local Rule 7.01(c), Defendants filed the instant Motion on the amount of fees. (Doc. 68). Plaintiff responded in opposition (Doc. 70),[2] and the matter is now ripe for review.

## II.   STANDARD OF REVIEW

Section 1988 allows for a court "in its discretion" to grant the prevailing party "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. Moreover, pursuant to Section 1927, the court may require an attorney, "who so multiplies the proceedings in any case unreasonably and vexatiously," "to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

The Court calculates reasonable attorney's fees according to the lodestar approach, which entails "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). The fee applicant bears the burden of proving "specific and detailed

---

for lack of subject matter jurisdiction must . . . be entered without prejudice because it is not a judgment on the merits." (Doc. 50, p. 6 (citing *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008))).

[2]   The Court declines analysis of Plaintiff's Response for two reasons. First, the Response fails to comply with Local Rule 7.01(d), which provides that: "A response to a supplemental motion on amount must detail the basis for each objection, including the identification by day and timekeeper of an unreasonable claim." (*See* Doc. 70). Second, rather than objecting to the *amount* of attorneys' fees Defendants request, Plaintiff opposes Defendants' *entitlement* to attorneys' fees. (*See id.*). Plaintiff, however, already exercised his opportunity to oppose Defendants' entitlement to attorneys' fees. (Doc. 46). Moreover, the Court thoroughly addressed Defendants' entitlement to attorneys' fees in its Order dated May 9, 2024. (*See* Doc. 63).

3

evidence" supporting the proposed hourly rate and "records to show the time spent on the different claims." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citation omitted). In addition, the Court "has wide discretion in exercising its judgment on the appropriate fee based on its own expertise." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988).

In determining what is a reasonable hourly rate and what number of compensable hours is reasonable, the court may consider the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[3] *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19. These factors guide, and are usually subsumed within, the Court's lodestar calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983).

---

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

### III.  ANALYSIS

The Court has previously found Defendants are entitled to fees. (Doc. 63); *see* Local Rule 7.01. The Court must now determine the reasonableness of Defendants' fees request. *See* Local Rule 7.01.

#### A.  Reasonableness

The lodestar approach requires the Court to consider the reasonable hourly rate requested by counsel and the reasonableness of the hours expended. *See Blum*, 465 U.S. at 888. Attorney Michael G. Moore ("**Moore**") submitted an affidavit in support of the Motion, as well as billing records. (Doc. 68-1). Moore states that his hourly rate for this matter is $250 per hour and that he spent 70.9 total hours on legal tasks to defend against Plaintiff's claims. (*Id.*). In addition, Attorney Frank A. Ford ("**Ford**") submitted an affidavit in support of the Motion, as well as billing records. (Doc. 68-2). Ford states that his hourly rate for this matter is $350 per hour and that he spent 11.4 total hours on legal tasks to defend against Plaintiff's claims. (*Id.*).

##### 1.  Reasonable Hourly Rate

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *Id.* (citing *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987)). Satisfactory evidence is more than the affidavit of the

attorney performing the work, and such evidence "must speak to rates actually billed and paid in similar lawsuits." *Id.*

Moore has been licensed for about thirty-two years. (Doc. 68, p. 11). Moore states that he is admitted to practice before the United States District Courts for the Middle and Northern Districts of Florida, as well as the Eleventh Circuit Court of Appeals. (*Id.*). He further states that he has "substantial litigation and regulatory experience" in a variety of legal matters. (Doc. 68-1, p. 3). Moore states that his reasonable rate is $250 per hour. (*Id.*).

Ford has been licensed for about forty years. (Doc. 68, p. 12). Ford is the President and a shareholder in the law firm of Landis Graham French, P.A. (*Id.*). Ford states that he is an "experienced civil litigator in state and federal courts at both the trial and appellate levels." (*Id.*). Ford states that his reasonable rate is $400 per hour but is only seeking $350 in this case. (Doc. 68-2, p. 1).

In considering the *Johnson* factors—specifically, the last factor of awards in similar cases—the Court finds Moore's rate of $250 per hour and Ford's rate of $350 per hour reasonable. *See, e.g.*, *Shehata v. Haddad*, No. 6:21-cv-1539-WWB-RMN, 2024 WL 3650633, at *1 (M.D. Fla. June 7, 2024) (finding $375 per hour reasonable for an attorney with twenty years of experience in a 42 U.S.C. § 1983 case);[4] *Cunningham v. Sw. Airlines*, 548 F. Supp. 3d 1169, 1172 (M.D. Fla. 2021)

---

[4] "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018).

(finding hourly rates of $345 and $245 reasonable for partners and associates in a Title VII civil rights action); *Lombard v. Another S. Holding Co., LLC*, No. 6:17-cv-1952-Orl-31DCI, 2019 WL 2423612, at *1 (M.D. Fla. June 10, 2019) (awarding hourly rate of $400 to an experienced civil rights attorney); *Murray v. City of Daytona Beach*, No. 6:23-cv-1489-RBD-RMN, at *1 (M.D. Fla. Apr. 29, 2024) (finding $395 per hour to be a reasonable rate in a 42 U.S.C. § 1981 case).

### 2. Reasonable Hours

Next, the Court must determine whether the hours expended are reasonable. Fee applicants must exercise "billing judgment," meaning they should omit hours that are excessive, redundant, or otherwise unnecessary, regardless of experience or skill. *Barnes*, 168 F.3d at 428. If fee applicants fail to exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the Court must exercise billing judgment for them. *Norman*, 836 F.2d at 1301. The "goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection," and so "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Defendants seek to recover fees for 82.3 hours of work expended in this case. (Doc. 68, p. 12). After careful review of the hours requested, several of Moore's and Ford's entries show a lack of billing judgment.

With regard to Moore's entries, there are numerous instances of excessive billing entries. (*See* Doc. 68-1). For example, Moore seeks fees totaling to 1.10 hours for preparing the Certificate of Interested Persons and Corporate Disclosure Statement, which is a simple document composed of two pages. (*Id*. at p. 5; *see* Doc. 16). Next, Moore seeks to recover 0.50 hours for preparing the conclusion section of a motion to dismiss, which is three sentences. (Doc. 68-1, p. 5; *see* Doc. 15, p. 19). Similarly, Moore seeks 0.50 hours for preparing a Motion to Appear Telephonically that is a mere two sentences. (Doc. 68-1, p. 7). Moore further seeks to recover 0.40 hours for "attendance and participation at show cause hearing." (*Id*.). However, upon review of the Court's minutes, it appears that this hearing lasted a total of eight minutes. (Doc. 45). Finally, Moore seeks to recover fees for "reviewing" the Court's endorsed orders and notices—all of which are limited to one to three sentences. (Doc. 68-1, pp. 6–8). These aforementioned tasks are routine and should not require significant effort on Moore's part. (Doc. 68-1, p. 3). Based on these, and other, entries, the Court finds Moore's entries for the listed work to be excessive.

As to Ford, many of his entries contain block billing. (Doc. 68-2, pp. 5–6). For instance, on June 9, 2020, Ford block billed 2.50 hours to "receive and review certificate of interested persons, receive and review copy of complaint, telephone conference with Dennis Comer and make arrangements for service of process, [and] research on 1983 claims." (*Id*. at p. 5). Similarly, on September 8, 2020, Ford block billed 1.90 hours to "[r]eceive and review Amended Complaint, receive and

8

review proposed stipulated motion to assign replacement mediator, [and] email Plaintiff re proposed motion and other issues." (*Id.* at p. 6). Simply put, Block-billing is inappropriate. It introduces imprecision in "an attorney's records" that should not be used to penalize opponents. *Ceres Env't Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Cir. 2012).

In sum, upon review of the submitted records, there are various errors that represent a lack of billing judgment. (*See* Docs. 68-1, 68-2). Consequently, the Court may reduce the number of unreasonably high hours by either conducting an hour-by-hour analysis or by applying an across-the-board cut, but not both. *Bivins*, 548 F.3d at 1352 (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)). As such, the Court finds that an across-the-board reduction of fifteen percent is warranted. *See, e.g.*, *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1377–78 (M.D. Fla. 2010) (approving an across-the-board reduction to offset the effects of block billing); *Pass-A-Grille Beach Cmty. Church, Inc. v. City of St. Pete Beach*, No. 8:20-cv-1952-TPB-SPF, 2022 WL 1242482, at *5 (M.D. Fla. Apr. 11, 2022), *report and recommendation adopted*, 2022 WL 1239352 (M.D. Fla. Apr. 27, 2022) (applying an across-the-board reduction to account for excessive billing).

In applying the fifteen percent reduction, the Court adjusts counsel's hours to 60.27 hours for Moore and 9.69 hours for Ford. Based on counsel's reasonable hourly rates, the loadstar amount is $15,067.50 for Moore's fees and $3,391.50 for Ford's fees. Thus, Defendants' award of fees totals to $18,459.00.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Supplemental Motion for Attorneys' Fees on Amount (Doc. 68) is **GRANTED IN PART** to the extent Defendants are awarded a total of $18,459.00 in attorneys' fees. Defendants' Supplemental Motion for Attorneys' Fees on Amount (Doc. 68) is **DENIED** in all other respects.

**DONE AND ORDERED** in Orlando, Florida on November 15, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties