**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ANTHONY I. PROVITOLA,**

      **Plaintiff,**

v.                                                      **Case No: 6:20-cv-862-PGB-DCI**

**DENNIS L. COMER and FRANK
A. FORD, JR.,**

      **Defendants.**
_____/

**ORDER**

This cause comes before the Court upon Appellee-Defendants Dennis L. Comer and Frank A. Ford, Jr.'s (collectively, "**Defendants**") Motion for Appellate Attorney Fees (Doc. 67 (the "**Motion**")). Plaintiff Anthony I. Provitola ("**Plaintiff**") failed to file a response, and the time to do so has now passed. (*See* Doc. 66). Upon consideration, the Motion is due to be granted.

**I.   BACKGROUND**

The facts of this case have been recounted elsewhere (Doc. 33, pp. 1–4, 12), but the Court will provide an overview of the relevant procedural history. After two unsuccessful state court actions, including two state court appeals (both resulting in per curiam affirmances), and a failed attempt at obtaining review by the Florida Supreme Court—which resulted in sanctions being imposed against him—Plaintiff filed a six-count Complaint against Defendants in this Court asserting claims under 42 U.S.C. § 1983 and 28 U.S.C. § 1367. (*See* Doc. 1 (the "**Complaint**")). This

Court dismissed the original Complaint without prejudice as a shotgun pleading and provided Plaintiff an opportunity to amend. (Doc. 24).

On September 6, 2020, Plaintiff filed a First Amended Complaint (Doc. 25 (the "**Amended Complaint**")). Therein, Plaintiff asserted claims for relief due to Defendants' "continuing deprivation, under color of authority of statute, policy, custom, practice or usage, of the rights and privileges secured to the Plaintiff by the Fourteenth Amendment to the United States Constitution and the Constitution and laws of the State of Florida that occurred during a civil action by the Plaintiff in the Courts of Florida." (*Id.* ¶ 1). Plaintiff also sought "declaratory judgment under 28 U.S.C. § 2201." (*Id.*). On March 4, 2021, the Court issued an Order dismissing the Amended Complaint with prejudice, noting that it was "objectively frivolous." (Doc. 33 (the "**Order**")). In its Order, the Court *sua sponte* directed Plaintiff to show cause as to why Rule 11 sanctions should not be imposed against him. (*Id.* at p. 13). Shortly thereafter, Plaintiff appealed the Order to the Eleventh Circuit Court of Appeals (Doc. 34 (the "**First Appeal**")).

Upon review of the First Appeal on June 15, 2022, the Eleventh Circuit affirmed the Court's dismissal of the case under the *Rooker-Feldman* doctrine. (Docs. 50, 51). However, the Eleventh Circuit remanded after instructing the Court that it should dismiss the case without prejudice rather than with prejudice because "[a] dismissal for lack of subject matter jurisdiction must . . . be entered without prejudice because it is not a judgment on the merits." (Doc. 50, p. 6 (citing

*Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008))).

Before the Court could correct the disposition, Plaintiff—without the Court's leave—filed a Second Amended Complaint. (Doc. 52). Accordingly, on July 1, 2022, the Court issued an Endorsed Order that: (1) dismissed the case *without* prejudice, pursuant to the Eleventh Circuit's mandate; and (2) struck the Second Amended Complaint for violating Federal Rule of Civil Procedure 15(a)(2) and for violating the Court's Case Management and Scheduling Order. (Doc. 53 (the "**Endorsed Order**")). Thereafter, Plaintiff filed a Motion to Vacate the Court's Endorsed Order and for Leave to Amend the Amended Complaint (Doc. 54 (the "**Motion to Vacate and Amend**")). While the Motion to Vacate and Amend was pending before the Court, Plaintiff appealed the Endorsed Order to the Eleventh Circuit. (Doc. 56 (the "**Second Appeal**")). On August 16, 2022, the Court issued an Order denying the Motion to Vacate and Amend. (Doc. 58 (the "**Vacate and Amend Order**")). Plaintiff appealed the Vacate and Amend Order to the Eleventh Circuit. (Doc. 59 (the "**Third Appeal**")).

Ultimately, on April 5, 2024, upon review of the Second Appeal and Third Appeal, the Eleventh Circuit affirmed the Court's dispositions in the Endorsed Order and the Vacate and Amend Order. (Docs. 62, 64). As to the Endorsed Order, the Eleventh Circuit found that the Court complied with the Eleventh Circuit's mandate when it corrected the judgment to reflect a dismissal without prejudice. (Doc. 62, p. 3). Moreover, the Eleventh Circuit found that because its opinion

addressing the First Appeal was silent on leave to amend, the Court was "free to address that issue." (*Id.*). With regard to the Vacate and Amend Order, the Eleventh Circuit found that the Court correctly struck the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). (*Id.* at p. 4). The Eleventh Circuit further found that because the Second Amended Complaint "would still be subject [to dismissal] for failure to plead a claim, amendment would be futile, and the [Court] properly denied leave to amend." (*Id.* at pp. 4–5).

Considering the Eleventh Circuit's disposition of the Second Appeal and Third Appeal, the Court issued its Order on Defendants' Motion for Entitlement to Attorney's Fees (Doc. 36 (the "**Entitlement Motion**")) on May 9, 2024.[1] (Doc. 63 (the "**Entitlement Order**")). The Court found that Defendants were entitled to attorney's fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927. (*Id.*). Thereafter, pursuant to Local Rule 7.01(c), Defendants filed a Supplemental Motion for Attorneys' Fees on Amount. (Doc. 68 (the "**Supplemental Motion**")). The Court granted in part and denied in part the Supplemental Motion, awarding Defendants a total of $18,459.00 in attorney's fees. (Doc. 73).

Around the same time, on June 5, 2024, the Eleventh Circuit transferred the issue of entitlement to and amount of appellate attorney's fees to this Court. (Doc. 65). Accordingly, the Court directed the parties to refile their respective documents

---

[1] Defendants filed their Entitlement Motion on March 18, 2021. (Doc. 36). However, because Plaintiff's three appeals were pending, the Court refrained from considering the Entitlement Motion, as a ruling from the Eleventh Circuit would directly affect Defendants' entitlement. (*See* Docs. 50, 51, 62, 63, 64). Thus, once the Eleventh Circuit issued its mandates as to the three appeals, the Entitlement Motion was ripe for the Court's review. (Docs. 51, 64).

with this Court exactly as they were filed before the Eleventh Circuit. (Doc. 66). A few days later, Defendants filed the instant Motion. (Doc. 67). Plaintiff, however, failed to file a response.[2] The matter is now ripe for review.

## II. ANALYSIS

The Motion combines both the issues of entitlement and amount, and thus, the Court considers each issue in turn.[3] (Doc. 63). Lastly, the Court considers Defendants' request for costs. (*Id.*).

### A. Defendants' Entitlement to Appellate Attorney's Fees

Section 1988(b) provides:

> In any action or proceeding to enforce a provision of section[] . . . 1983 . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held

---

[2] The Court notes that upon review of the Eleventh Circuit's docket, it appears that Plaintiff filed a response to Defendants' motion for appellate attorney's fees on June 9, 2024. Response of Appellant, *Provitola v. Comer et al.*, No. 22-12513 (11th Cir. May 9, 2024), ECF No. 45. However, Plaintiff failed to file an identical response on this Court's docket, as required by the Court. (Doc. 66). In any event, Plaintiff's response does not alter the Court's analysis here. Response of Appellant, *Provitola v. Comer et al.*, No. 22-12513 (11th Cir. May 9, 2024), ECF No. 45. Plaintiff's response—composed of one sentence—asserts that Defendants' "motion is repetitive of a prior motion for sanctions that has been denied by the [Appellate] Court in its Opinion of April 5, 2024 (footnote 3)." (*Id.*). Yet, Defendants are not seeking appellate attorney's fees under a theory of sanctions. (*See* Doc. 67). Rather, Defendants are seeking appellate attorney's fees as a prevailing party under 42 U.S.C. § 1988. (*Id.*). As such, the basis for Plaintiff's response is not relevant here.

[3] In the interests of judicial efficiency, the Court addresses the issue of amount herein, rather than requiring Defendants to file a supplemental motion pursuant to Local Rule 7.01. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (stating that a district court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

5

> liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988(b). This includes appellate attorney's fees, which "are recoverable under Section 1988." *Gilroy v. Baldwin*, No. 16-14521-CV, 2021 WL 6427476, at *2 (S.D. Fla. Dec. 15, 2021)[4], *report and recommendation adopted*, 2022 WL 112221 (S.D. Fla. Jan. 12, 2022) (citing *Young v. New Process Steel*, LP, 419 F.3d 1201, 1204 (11th Cir. 2005)). A prevailing defendant in a civil rights case may be awarded attorney's fees pursuant to 42 U.S.C. § 1988 if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith, or . . . [if] the plaintiff continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quoting *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978)); *see also Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1297 (11th Cir. 2021) (citations omitted).

Here, the Court assumes the parties' familiarity with the Court's prior Orders. Specifically, on May 9, 2024, the Court found Defendants were entitled to an attorney's fee award under 42 U.S.C. § 1988 as the prevailing party. (Doc. 63). Thus, because Defendants have now also prevailed on appeal, and because appellate attorney's fees are recoverable under 42 U.S.C. § 1988(b), in connection with a claim brought under 42 U.S.C. § 1983, the Court finds Defendants are entitled to appellate attorney's fees. (*See* Docs. 50, 51, 62, 63, 64).

---

[4] "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018).

6

## B. Amount of Appellate Attorney's Fees

The lodestar approach requires the Court to consider the reasonable hourly rate requested by counsel and the reasonableness of the hours expended. *See Blum v. Stenson*, 465 U.S. 886, 888 (1984). Attorney Michael G. Moore ("**Moore**") submitted an affidavit in support of the Motion, as well as billing records. (*See* Doc. 67). Moore states that his hourly rate for this matter is $250 per hour and that he spent 33.5 total hours on legal tasks to defend against Plaintiff's appeals. (*Id.*).

The Court calculates reasonable attorney's fees according to the lodestar approach, which entails "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *See Blum*, 465 U.S. at 888. The fee applicant bears the burden of proving "specific and detailed evidence" supporting the proposed hourly rate and "records to show the time spent on the different claims." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citation omitted). In addition, the Court "has wide discretion in exercising its judgment on the appropriate fee based on its own expertise." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988).

In determining what is a reasonable hourly rate and what number of compensable hours is reasonable, the court may consider the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[5] *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The *Johnson*

---

[5] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

7

factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19. These factors guide, and are usually subsumed within, the Court's lodestar calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983).

### 1. Reasonable Hourly Rate

For the same reasons set forth in the Entitlement Order, the Court again finds that Moore's hourly rate of $250.00 is reasonable. (Doc. 73, pp. 5–7).

### 2. Reasonable Hours

Next, the Court must determine whether the hours expended are reasonable. Fee applicants must exercise "billing judgment," meaning they should omit hours that are excessive, redundant, or otherwise unnecessary, regardless of experience or skill. *Barnes*, 168 F.3d at 428. If fee applicants fail to exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the*

8

*skill, reputation or experience of counsel,*" the Court must exercise billing judgment for them. *Norman*, 836 F.2d at 1301.

Defendants seek to recover fees for 33.5 hours of appellate work expended in this case. (Doc. 67, p. 12). After careful review of Moore's billing judgment and the hours requested, the Court finds these hours to be reasonable.

### C. Costs

Defendants also request the Court to award them $83.55 in taxable costs for fees of the Clerk. (Doc. 67, p. 15).

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* FED. R. CIV. P. 54(d)(1). Congress has determined the costs that are recoverable under Rule 54(d). *See* 28 U.S.C. § 1920; *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Fees paid to the Clerk are allowable taxable costs. 28 U.S.C. § 1920(1); *Strickland v. Air Rescue Air Conditioning, Inc.*, No. 8:15-cv-1017, 2016 WL 11581971, at *4 (M.D. Fla. Aug. 25, 2016), *report and recommendation adopted*, 2016 WL 11581970 (M.D. Fla. Sept. 12, 2016).

Because the costs sought are taxable and allowable, Defendants are awarded a total of $83.55 in costs.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Appellate Attorney Fees (Doc. 67) is **GRANTED**. Defendants are awarded a

total of $8,458.55, consisting of an award of appellate attorney's fees in the amount of $8,375.00 and costs in the amount of $83.55.

**DONE AND ORDERED** in Orlando, Florida on November 26, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties